## MURRAY HILL BANK *v.* VAN ANTWERP *et al.*

*(Supreme Court, General Term, First Department.  January 28, 1889.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

 The findings of the trial court on the issue of fraud against creditors in a convey-
ance of property by a debtor will not be disturbed on appeal, unless unsupported by
or clearly against the weight of the evidence.

Appeal from special term, New York county.

Action by the Murray Hill Bank against Elizabeth Van Antwerp and Mary
L. Trotter and Theodore·V. A. Trotter, to set aside a conveyance of land made
by Mrs. Van Antwerp to Mrs. Trotter as intended to defraud the creditors
of the grantor.  The special term dismissed the complaint, and plaintiff ap-
peals.

Argued before BRADY, DANIELS, and BARTLETT, JJ.

*S. Untermeyer,* for appellant.  *W. C. Beecher,* for respondents.

BRADY, J.  This action was brought to set aside an alleged conveyance of
real estate made by the defendant Elizabeth Van Antwerp to her mother, Mary
L. Trotter, and also to set aside an agreement by which the defendant can-
celed and surrendered to her mother an agreement made when the property
conveyed was purchased in their joint names, and subsequently reduced to
writing, and also to have the mortgage on the real estate held by the defend-
ant Theodore V. A. Trotter declared satisfied.  On the trial the complaint was
dismissed as to Theodore V. A. Trotter, the plaintiff admitting that no case
had been established against him.

It is not deemed necessary to set out in this opinion a detailed statement of
the various facts and circumstances which were developed by the testimony
as the cause progressed.  It is sufficient to say that the allegations of fraud
upon which the plaintiff alone could recover were not established by the tes-
timony.  The learned justice presiding in the court below found against the
plaintiff on that issue, and expressed his views in an elaborate opinion, to
which it is thought no exception can be taken, inasmuch as it considers the
prominent features of the plaintiff's case, and shows that they would not jus-
tify a finding of fraudulent conduct.

It is perhaps unnecessary to say that findings of fact by the court are not to
be disturbed on appeal, unless unsupported by or clearly against the weight of
evidence, which, from what has been already said, it may be assumed is not a
feature of this case.  The learned counsel for the appellant has displayed great
zeal in the presentation of the facts and circumstances by which he hoped to
determine the fraudulent character of the transfers, and did all, doubtless,
that professional industry and persistence could accomplish; but this was all
met by the suggestion of the learned justice presiding in the court below that,
upon the credible testimony and the undisputed facts, he had no doubt of the
inherent honesty and good faith of the transaction, and further that this view
might seem questionable to creditors who observed nothing but the practical
results of the transfer.

An examination of the evidence, aside from the opinion of the learned jus-
tice, justifies the conclusion that the charges of fraud, fraudulent inception,
fraudulent intent, fraudulent design, or by whatever term the assumed im-
proper conduct may be designated, were unsustained.  If any adverse criti-
cism upon the conduct of the parties may with any propriety be indulged in,
it can only be to the effect that Mrs. Van Antwerp chose in the exercise of a
legal right to prefer her mother as a creditor, to whom she was under pecuni-
ary obligation, and whom she designed naturally and properly to protect, find-
ing herself in a position of financial distress arising from the improvidence

or misfortune of her husband, who had employed her large estate unsuccessfully in his business transactions. The judgment should be affirmed. All concur.